UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS ALBERTO PORTOCARRERO SATIZABAL,

v.  Case No.  8:04-cr-243-T-17MSS
8:06-cv-1308-T-17MSS

UNITED STATES OF AMERICA.

_____/

### **ORDER**

On July 10, 2006, Defendant signed a motion for leave to file an untimely motion to vacate (Doc. cv-2) and a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-281).

BACKGROUND

Defendant pled guilty to aiding and abetting in the possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Count one) and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § § 1903(a)(g) and (j) and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. cr-156 [Judgment]). On March 11, 2005, the court sentenced Defendant to 168 months as to each of counts one and two to run concurrently. Judgment was entered March 14, 2006.

Defendant did not appeal the conviction and sentence.

DISCUSSION--MOTION TO VACATE IS TIME-BARRED

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to

be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final.  Defendant's conviction became final on March 24, 2005, when the time for filing a direct appeal had passed; thus, he had until March 25, 2006, to file his section 2255 motion. See Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). Defendant did not sign the motion to file an untimely motion to vacate and the proposed motion to vacate until July 10, 2006. Therefore, the 28 U.S.C. § 2255 motion to vacate is time-barred and the Court will not grant the motion to file an untimely motion to vacate.

EQUITABLE TOLLING

The Eleventh Circuit has held that 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar. Therefore, the Court has concluded such permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed v. Head 219 F.3d 1298 (11th Cir. 2000), (citing Sandvik v. United States, 177 F.3d 1269, 1270, 1271 (11th Cir. 1999)). The 'extraordinary circumstances' standard applied in this Circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.  See Helton v. Sec. for the Dept. of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001) .

Defendant does not advance extraordinary circumstances which would prevent a timely filing and does not assert a sufficient basis upon which to conclude he used due diligence in seeking 28 U.S.C. § 2255  relief. Defendant does not plead facts showing his delay was unavoidable to justify further inquiry into equitable tolling.[1]

Accordingly, the court orders:

1. That Defendant's motion for leave to file an untimely motion to vacate (Doc. cv-2) is denied.

2.  That Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-281)  is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Defendant Satizabal in the civil case and to close that

---

[1] The Eleventh Circuit  has rejected most claims for equitable tolling because of the difficult burden attendant with such claims.  See Diaz v. Crosby, 362 Fed.3d 698 (11th Cir. 2004) .

case.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 20, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  W. Stephen Muldrow
Pro Se: LUIS ALBERTO PORTOCARRERO SATIZABAL